IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE JONES | § | |
|    *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | JURY DEMANDED |
| HILL, LONG & CO., P.C., | § | |
| JERRY R. HILL, DENNIS K. LONG, | § | |
| and MARY GILLESPIE | § | |
|    *Defendants.* | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, Julie Jones ("Plaintiff"), and files this *Plaintiff's Original Complaint* against Jerry R. Hill, Dennis K. Long, and Mary Gillespie would respectfully show unto the Court as follows.

### I.

### **SUMMARY**

1. This is a failure to pay overtime case. Defendant Hill, Long, & Co., P.C. is an accounting firm owned and/or managed by Defendants Jerry R. Hill, Dennis K. Long, and Mary Gillespie. Defendants employed the Plaintiff, yet failed, on numerous occasions to pay minimum wage, overtime, and other amounts as required by the Fair Labor Standards Act ("FLSA").

2. Plaintiff was a non-exempt employee under the FLSA and Defendants were required to pay Plaintiff one and half times her normal hourly rate when she worked more than 40 hours in a week. The Plaintiff would routinely work over forty hours in a workweek and not receive overtime.

3. For these reasons, Plaintiff seeks liquidated damages, attorney's fees and all other relief permitted.

## II.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA"). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Texas.

## III.

## PARTIES

5. Defendant Hill, Long, & Co., P.C. ("Hill Long") is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203 (r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Hill Long may be served with summons through its registered agent, Dennis K. Long at 952 Echo Lane, Ste. 130, Houston Texas 77024.

6. Defendants Jerry R. Hill, Dennis K. Long, and Mary Gillespie are individually liable to Plaintiff because they: (1) had the power to hire and fire the Plaintiff, (2) supervised and controlled the work schedule and conditions of employment of the Plaintiff, (3) determined the rate and method of payment for the Plaintiff, and (4) maintained Plaintiff's employment records.

7. Defendant Jerry R. Hill may be served with summons at 952 Echo Lane, Ste. 130, Houston Texas 77024.

8.     Defendant Dennis K. Long may be served with summons at 952 Echo Lane, Ste. 130, Houston Texas 77024.

9.     Defendant Mary Gillespie may be served with summons at 952 Echo Lane, Ste. 130, Houston Texas 77024.

10.    Plaintiff, Julie Jones is a resident of Texas and worked for Hill Long and has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

## IV.

## FACTUAL ALLEGATIONS AND CLAIMS

11.    Until May 13, 2016, Plaintiff worked for Hill Long at 952 Echo Lane, Ste. 130, Houston Texas 77024.  Despite consistently working more than 40 hours per week, Plaintiff was not paid the required overtime.

12.    These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  Because of these unlawful practices, Plaintiff suffered a loss of wages of, on information and belief, at least $20,478.00.

13.    Defendants showed reckless disregard for the fact that their failure to pay Plaintiff minimum wage and overtime compensation was in violation of the law.

14.    All conditions precedent to the filing of this suit have been satisfied.

## V.

## JURY DEMAND

15.    Plaintiff demand a trial by jury.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty hours in a week;

b. Judgment against Defendants that their violations of the FLSA were willful;

c. An equal amount to the wage damages as liquidated damages;

d. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

e. All costs incurred and reasonably attorney's fees for prosecuting these claims;

f. Leave to amend to add claims under applicable state laws; and

g. For such further relief as the Court deems just and equitable.

Dated:   January 19, 2017

                                          Respectfully submitted,

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By:/s/ *Kevin M. Madden*_____

                Kevin M. Madden
                State Bar No. 24041376
                5225 Katy Freeway, Suite 520
                Houston, Texas 77007
                Phone: 281-888-9681
                Fax:     832-538-0937
                Email : kmm@kmaddenlaw.com

                **ATTORNEY FOR PLAINTIFF**